## EL PUEBLO v. CRESPO ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 2.—Resuelto en Junio 5, 1903.

ROBO.—RESPONSABILIDAD CRIMINAL Y CIVIL.—PAGO DE UN ARTÍCULO ROBADO.—El pago de un artículo robado, verificado después del arresto y procesamiento del culpable, no extingue su responsabilidad criminal, aunque sí la civil, y por consiguiente no es motivo que justifique la absolución del procesado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos, (Juan R.)*

Abogado del apelado: *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. MACLEARY emitió la siguiente opinión del Tribunal:

El recurrente, junto con Luis Tollos Colón y Robustiano Torres Tollos, fué acusado del hurto de una novilla de Ramón Berrios.    Se encontró la novilla en poder del recurrente, quien en el acto ofreció pagarle á Berrios el valor de la misma, prometiendo darle otra más grande, ó la cantidad de veinticinco ($25.00) dollars en dinero, que Berrios rehuzó aceptar.    Al principio del juicio el abogado defensor de uno de los demandados á su propio nombre, y en el de su compañero, propuso probar al Tribunal que el perjudicado había sido remunerado, y que no había sufrido daño alguno, por cuanto había recibido compensación por el daño que se le había causado, y suplicó al Tribunal suspendiera

THE PEOPLE *v.* CRESPO ET AL.

APPEAL from the District Court of Arecibo.

No. 2.—Decided June 5, 1903.

los procedimientos y exonerase al demandado de toda culpabilidad.    El Tribunal se negó á dictar tal orden, y procedió
á continuar el juicio oral.    Los demandados, Eusebio Crespo
García y Robustiano Torres Tollos fueron declarados culpables de hurto de mayor cuantía, y cada uno de ellos fué
condenado á la pena de un año y medio de presidio, con
trabajos forzados, y al pago de una tercera parte de las costas,
y á sufrir, en el caso de que no se efectuase el pago, un día
más de presidio por cada dollar que dejaren de satisfacer; y
Luis Tollos Colón fué absuelto.    Las costas ascendieron á la
suma de veintinueve dollars y sesenta y cinco centavos.
Los demandados se reservaron en debida forma una declaración de excepciones, comprendiendo los extremos anteriormente indicados en la presente, y |se interpuso recurso de
apelación para ante este Tribunal, que fué debidamente
admitida.    De la declaración de excepciones resulta, que en
el acto del juicio oral, el dueño Ramón Berríos declaró que
no había sufrido daño y que habia sido indemnizado de
todas las costas y gastos, y que el abogado defensor del
recurrente suplicó al Tribunal que absolviera al demandado
y que lo exonerase de toda culpabilidad, cuya súplica fué
denegada.    Se envió á los demandados al presidio y después
se les puso en libertad bajo fianza, por orden del Tribunal,
al formalizarse el recurso.    El abogado Juan R. Ramos
comparece por el recurrente, pero su escrito de recurso se
dirige principalmente al asunto de fianza, y no consta nada
en los autos que menciona la cuestión presentada en la
declaración de excepciones, ni dá razón por la cual deba
revocarse la sentencia del Tribunal inferior; en efecto, se
refiere al párrafo No. 2 del Artículo 374 del Código de
Enjuiciamiento Criminal, que solamente se refiere á la
admisión de la fianza de los demandados, señalando los
casos en que deba admitirse.    El Fiscal, en su opinión presentada á este Tribunal, dice que los hechos constituyen el
delito de hurto de mayor cuantía, puesto que se consigna el
hecho de apoderarse maliciosa y fraudulentamente de una

the points hereinbefore mentioned, and an appeal was taken to this court which was duly allowed. From the bill of exceptions it appears that at the trial the owner, Ramón Berríos, testified that he had suffered no damage, having been indemnified for all costs and expenses, while counsel for appellant prayed the court to discharge the defendant and exonerate him from all responsibility, which prayer was denied. The defendants were committed to the penitentiary, and afterwards admitted to bail by order of the court, upon perfecting the appeal. Juan R. Ramos Esq., appears for appellant, but his appeal is principally directed to the matter of bail and there is nothing in the record indicating that any mention was made by him of the question presented in the bill of exceptions, nor any reason given for a reversal of the judgment of the trial court. In fact, he refers to paragraph 2 of section 374 of the Code of Criminal Procedure, which has reference only to the admission of defendants to bail, and specifies the cases in which the latter are to be so admitted.

The Fiscal, in his opinion filed with this court, declares that the facts constitute the crime of grand larceny, inasmuch as they involve the act of maliciously and fraudulently appropriating a heifer, and there are sufficient grounds to believe the persons convicted to be guilty of the crime, and that they should suffer the penalty, even if they have paid the amount of damage caused, inasmuch as the payment of an indemnity does not extinguish the penal responsibility, but only the civil liability. The Fiscal, moreover, is of the opinion that the law cited by counsel for the appellant is not applicable to the present case. The Fiscal recommends that the appeal be dismissed and that the judgment of the lower court be affirmed, with costs against appellant.

It is evident that the case is too clear to require much investigation or study, and the Fiscal is quite right in his contentions. Certainly payment made for a stolen article,

novilla, y hay razones suficientes para considerar las personas condenadas como autores del delito, y que deben sufrir la pena, aún cuando hubieran pagado el importe del daño causado, por cuanto que el pago de una indemnización no extingue la responsabilidad penal, sino solamente la responsabilidad civil. El Fiscal, además, es de la opinión de que la ley citada por el abogado defensor del recurrente no es aplicable al presente caso. El Fiscal recomienda que se declare sin lugar el recurso, y que se confirme la sentencia del Tribunal Inferior, con las costas al recurrente. Es evidente que la causa es demasiado clara para exigir mucha investigación, ó estudio, y el Fiscal tiene completa razón en sus recomendaciones. Ciertamente el pago efectuado por un artículo robado, después del detenimiento y procesamiento del demandado, no es motivo para su absolución, aunque sí extingue la responsabilidad civil. Después de un examen cuidadoso de todo el asunto, no parece haber motivo por el cuál deba anularse, alterarse, ó modificarse la sentencia del Tribunal de Distrito, y por consiguiente, se confirmará dicha sentencia.

*Confirmada.*

Jueces concurrentes, Sres. Presidente, Quiñones y Asociados, Hernández, Figueras y Sulzbacher.